JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Castillo,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown Hill, et al.,<br><br>    Defendants. | No.   CV-25-00476-PHX-JAT (JZB)<br><br>**ORDER** |

On February 12, 2025, Plaintiff Raymond Castillo, who is confined in the Arizona State Prison Complex (ASPC)-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis.  In a March 19, 2025 Order, the Court denied the deficient Application to Proceed with leave to refile within 30 days.

On March 24, 2025, Plaintiff filed a new Application to Proceed In Forma Pauperis (Doc. 6).  The Court will grant the Application to Proceed; order Defendant Garcia to answer the Complaint; give Plaintiff 120 days to discover Defendant Jane Doe's actual name and to file a notice of substitution; and will dismiss the remaining Defendants without prejudice.

**I.    Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $22.01.  The remainder

1  of the fee will be collected monthly in payments of 20% of the previous month's income
2  credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.
3  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate
4  government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

(9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III. Complaint

In his single-count Complaint, Plaintiff sues Deputy Warden Hill; Correctional Officers (COs) 3 Hupp, Garcia, and Jane Doe; and CO 4 Bailey.  Plaintiff asserts an Eighth Amendment failure-to-protect claim.  He seeks declaratory and injunctive relief, general and special monetary damages, pre- and post-judgment interest, the filing fees for this case, and "any attempted incarceration fees following monetary award or settlement award to Plaintiff."

Plaintiff alleges the following:

In February 2024, while Plaintiff was housed at ASPC-Lewis Stiner Unit, he was assaulted by seven other prisoners and was severely injured.  Plaintiff was taken to the emergency room, where he received stitches to his right ear and underwent an MRI.  When he returned to the prison, he "went to lockdown."

Sometime in the summer of 2024, Plaintiff was transferred to ASPC-Safford.  On August 3, 2024, Defendants Hupp and Bailey pulled Plaintiff out for reclassification.  Defendants Hupp and Bailey helped Plaintiff fill out a Restrictive Housing Case Plan and a "Max packet," both of which were used for reclassification and transfer.  The "Max packet" must be approved by Defendant Hill.  Plaintiff discussed being reclassified and transferred back to ASPC-Lewis and explained to Defendants Hupp and Bailey that he did not want to go to the Buckley Unit because "attempts will be made on [his] life."  Plaintiff stated that he would like to go to Rast Max Unit and that he feared for his life.  Plaintiff made the same statements in writing.  Defendant Hill read Plaintiff's statement "and was very much aware of Plaintiff's situation."

At the end of September 2024, Plaintiff was transferred to ASPC-Lewis Rast Max Unit.  At some point, Plaintiff saw Defendants Garcia and Jane Doe.  Plaintiff explained to Defendants Garcia and Jane Doe that he feared being assaulted "by a specific alleged group

of individuals" if he was transferred to the Buckley Unit.  Two days later, Plaintiff was told to "roll up to be transfer[r]ed to [the] Buckley Unit" and that if he did not, he would receive a disciplinary report and would be moved to a "refuse to house" pod, where he would have none of his appliances, not be allowed store purchases, and would have "phase one status."

Plaintiff was transferred to the ASPC-Lewis Buckley Unit.  In November 2024, Plaintiff was attacked by three other prisoners, who hit and choked him from behind.  Plaintiff lost consciousness and woke up on the floor, bleeding from his left eye.  Plaintiff was taken to the hospital, where he received stitches.  Plaintiff suffered bruises and cuts to his face, stitches on his eye, and bruises on his neck and throat, as well as mental anguish, depression, and post-traumatic stress.

Plaintiff alleges that Defendants Hill, Hupp, and Bailey failed to alert classification staff at Rast Max Unit about the "dangerousness as to Buckley Unit."  Plaintiff claims Defendants Garcia and Jane Doe "were alerted by Plaintiff" but they "knowingly failed to act."

**IV.    Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners.  *See Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994)).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  *Farmer*, 511

U.S. at 834. Rather, "prison officials are liable under the Eighth Amendment only if they demonstrate 'deliberate indifference' to 'conditions posing a substantial risk of serious harm' to an inmate." *Clem*, 566 F.3d at 1181 (quoting *Solis v. Cnty. of Los Angeles*, 514 F.3d 946, 957 (9th Cir. 2008)). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" *Solis*, 514 F.3d at 957 (quoting *Farmer*, 511 U.S. 841). Thus, prison officials may violate the Eighth Amendment through their acts or omissions. *Farmer*, 511 U.S. at 834.

Plaintiff's allegations do not support that Defendants Hupp, Bailey, or Hill violated Plaintiff's Eighth Amendment rights. Plaintiff alleges that in August 2024, he informed Hupp, Bailey, and Hill that he feared for his safety if he was transferred to the Buckley Unit and asked to be moved to the Rast Max Unit, which is where he initially was moved in September 2024. Plaintiff has alleged no facts to support that Defendants Hupp, Bailey, and Hill—who were employed at ASPC-Safford—were involved in the *subsequent* decision to move Plaintiff from the Rast Max Unit to the Buckley Unit within ASPC-Lewis. Plaintiff fails to state an Eighth Amendment claim against Defendants Hupp, Bailey, and Hill, and these Defendants will be dismissed.

**V.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated an Eighth Amendment failure-to-protect claim against Defendants Garcia and Jane Doe. The Court will require Defendant Garcia to answer the Complaint.

Although Plaintiff has stated a claim against Defendant Doe, the Court will not require service on Defendant Doe at this time because it is, in most instances, impossible for the United States Marshal or his designee to serve a summons and complaint upon an anonymous defendant. However, the Court will not dismiss the claim against Defendant Doe at this time.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or

that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will allow Plaintiff 120 days in which to discover the actual name of Defendant Doe, through subpoena or otherwise, and to substitute the Defendant's actual name by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. The Court may dismiss without prejudice Defendant Doe if Plaintiff fails to timely file a notice of substitution, unless Plaintiff seeks and is granted an extension of time.

**VI.   Warnings**

**A.   Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.   Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections, Rehabilitation & Reentry Complex or Private Facility subject to General Order 23-19, Plaintiff can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Plaintiff files, a certificate of service stating that this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court. Plaintiff is not required serve Defendants with copies of every document or provide an additional copy of every document for the Court's use.

**If** Plaintiff is transferred to a facility other than one subject to General Order 23-19,

Plaintiff will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a copy of every document Plaintiff files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed In Forma Pauperis (Doc. 6) is **granted**.

(2)   As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $22.01.

(3)   Defendants Hupp, Bailey, and Hill are **dismissed** without prejudice.

(4)   If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be filed on the court-approved form and retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(5)   Defendant Garcia must answer the Complaint.

(6)   The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Garcia.

(7)   Plaintiff must complete[1] and return the service packet to the Clerk of Court

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Rehabilitation & Reentry, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the

**TERMPSREF**

- 7 -

within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(9) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(11) If Defendant Garcia agrees to waive service of the Summons and Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(12) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently

---

Central Office of the Arizona Department of Corrections, Rehabilitation & Reentry unless the officer or employee works there.

incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(13) Defendant Garcia must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14) Within **120 days** from the filing date of this Order, Plaintiff must file a "Notice of Substitution," substituting Defendant Doe's actual name. The Court may dismiss without prejudice Defendant Doe if Plaintiff fails to timely file a notice of substitution, unless Plaintiff seeks and is granted an extension of time.

(15) The Clerk of Court must issue **one** subpoena in blank and a USM-285 form and send them to Plaintiff.

(16) Plaintiff must complete the subpoena and USM-285 form and promptly return them to the Clerk of Court.

(17) Upon receipt of properly completed subpoena and USM-285 form, the Clerk of Court must deliver the subpoena, the USM-285 form, and a copy of this Order, to the United States Marshal for service.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

TERMPSREF

(18) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 23rd day of May, 2025.

*James A. Teilborg*
Senior United States District Judge